**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

HERSHELL FUGATE and SUSAN FUGATE,

Plaintiffs,

v.

BOEING CO., et al.,

Defendants.

Civil Action No. 13-152-SLR-SRF

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Presently before the court in this diversity action is a motion to dismiss for lack of personal jurisdiction (the "Motion" or "Motion to Dismiss") (D.I. 23) filed by Defendant Higbee, Inc. ("Higbee") pursuant to Federal Rule of Civil Procedure 12(b)(2). Hershell Fugate and Susan Fugate (the "Plaintiffs") oppose Higbee's Motion, and request leave to conduct jurisdictional discovery. (D.I. 25 at 1, 3) For the reasons which follow, I recommend that the court **GRANT** Higbee's Motion to Dismiss, and **DENY** the Plaintiffs' request for leave to conduct jurisdictional discovery.

## II. BACKGROUND

### A. Procedural Background

The Plaintiffs filed this personal injury action against eighteen defendants, including Higbee (collectively, the "Defendants"), on December 3, 2012, in the Superior Court of Delaware. (D.I. 1, Ex. A) The Complaint alleges that Hershell Fugate ("Mr. Fugate") suffered injuries as a result of exposure to asbestos throughout his employment and through personal automotive work. (*Id.*, Ex. A ¶¶ 25-27). On January 29, 2013, the case was removed to this court by Defendant United Technologies Corporation. (*Id.*)

On February 13, 2013, Higbee filed the pending Motion to Dismiss. (D.I. 23) The court held oral argument on the merits of the Motion on June 19, 2013.

**B. Facts**

The Plaintiffs claim that Mr. Fugate developed lung cancer, among other diseases and health problems, as a result of exposure to asbestos throughout his employment: (1) as a jet engine mechanic in the United States Air Force, from 1965 to 1968; (2) at the NY Railroad from 1968 to 1969; (3) as a launderer for Ford, in Michigan, from 1970 to 1975; (4) as a customer service representative for Con Rail Railroad, in New York, from 1975-1999; and (5) while performing personal automotive work from 1959 to 1964. (*Id.*, Ex. A ¶¶ 22, 25) The Plaintiffs assert that the Defendants manufactured, sold, or distributed asbestos-containing products. (*Id.*, Ex. A ¶ 29) Plaintiffs reside in Georgia, and aver that the Georgia law is the substantive law of this case. (*Id.*, Ex. A ¶¶ 1-2, 24)

Defendant Higbee is a New York corporation with its principal place of business in Syracuse, New York. (D.I. 24, Ex. B ¶ 3) Higbee manufactures custom built products to customers' specifications, and does not generally sell any products to distributors. (*Id.*, Ex. B ¶ 3) Higbee does not: have any offices in Delaware,[1] have any employees in Delaware, have any independent contractors in Delaware, advertise in Delaware, use telephone calls, facsimile messages, or other electronic messages to solicit potential Delaware customers, own or lease real estate in Delaware, hold any interest in any asset or property within Delaware, or pay taxes in Delaware. (*Id.*, Ex. B ¶¶ 4-14)

Higbee's revenue from sales in Delaware during 2012 were approximately $7,591.00, which represents 0.070% of Higbee's gross sales for the 2012 fiscal year. (*Id.*, Ex. B ¶ 15)

[1] Higbee is not registered to do business in Delaware, and does not have a registered agent in Delaware for service of process. (D.I. 24, Ex. B ¶¶ 3, 7)

## III. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Traynor v. Liu*, 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional. *See id.* at *66*; *Reach & Assocs. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. *See Reach & Assocs.*, 269 F. Supp. 2d at 502. The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See id.*; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under the Due Process Clause, a defendant is subject to the jurisdiction of a federal court only when the defendant's conduct is such that it should "reasonably anticipate being haled into

court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Personal jurisdiction over a nonresident defendant is proper when either specific or general jurisdiction exists. *See Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984). "Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" *BP Chems. Ltd. v. Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985)). General jurisdiction exists when the defendant's contacts with the forum are "continuous and systematic," whether or not the contacts relate to the litigation. *See id.* (quoting *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984)).

**B. Jurisdictional Discovery**

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). "A court must determine whether certain discovery avenues, 'if explored, might provide the 'something more' needed' to establish personal jurisdiction." *Registered Agents, Ltd. v. Registered Agent, Inc.*, 880 F. Supp. 2d 541, 548 (D. Del. 2012) (quoting *Toys "R" Us*, 318 F.3d at 456). If the plaintiff presents "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us*, 318 F.3d at 456 (alteration in original) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). "A plaintiff may not, however,

undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (citing *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 459 (D. Del. 2009)).

## IV. DISCUSSION

### A. Personal Jurisdiction

Plaintiffs fail to establish personal jurisdiction over Higbee, and therefore, the court should grant Higbee's Motion to Dismiss.

To establish personal jurisdiction, a plaintiff must show by a preponderance of the evidence that: (1) "there is a statutory basis for jurisdiction under the forum state's long-arm statute," and (2) "the exercise of jurisdiction comports with the defendant's right to due process." *Boston Scientific Corp. v. Wall Cardiovascular Tech.*, 647 F. Supp. 2d 358, 364 (D. Del. 2009) (citations omitted). Delaware's long-arm statute provides, in relevant part, that a court may exercise personal jurisdiction over a defendant when the defendant or its agent:

> (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in this State; . . . [or] (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 Del. C. § 3104(c). Subsections (c)(1) and (c)(2) grant specific jurisdiction, which "requires that the cause of action arise from the defendant's conduct in the forum state." *Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354, 355 (D. Del. 2008) (citations omitted). Subsection (c)(4), in contrast, "confers general jurisdiction, which requires that the defendant or its agents be 'generally present' in the forum state whether or not the tortious acts and injury occurred inside

Delaware.[2] General jurisdiction may be applied when a defendant's contacts with the forum state are 'continuous and substantial.'" *Id.* at 355 (citations omitted). *See also Registered Agents*, 880 F. Supp. 2d at 546 (explaining that "the plaintiff's cause of action can be unrelated to defendant's activities in the forum State, so long as defendant has 'continuous and systematic contacts with the forum state.'" (citations omitted)).

If the defendant is found to be within the reach of the long-arm statute, the court then must analyze whether the exercise of personal jurisdiction comports with due process, in other words, whether the plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," such that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297 (citations omitted).

In the present case, Plaintiffs fail to demonstrate a statutory basis for jurisdiction under Delaware's long-arm statute. As a preliminary matter, the Plaintiffs' theory of personal jurisdiction is not readily apparent from their pleadings. Plaintiffs seem to rely on 10 Del. C. § 3104(c)(1), as that is the only section of Delaware's long-arm statute cited in the Plaintiffs' opposition brief.[3] (*See* D.I. 27 at 2) However, Plaintiffs do not assert any facts suggesting that their cause of action arose from Higbee's activities in Delaware,[4] which is a requirement for

---

[2] "While seemingly broad, the standard for general jurisdiction is high in practice and not often met." *Reach & Assocs.*, 269 F.Supp.2d at 505 (citation omitted).

[3] The Plaintiffs' position on personal jurisdiction is further obscured by their assertion that "additional discovery should confirm [Higbee's] business activities and likely others *and demonstrate that the Court has specific or general jurisdiction over Higbee*." (D.I. 27 at 2) (emphasis added)

[4] In fact, the Plaintiffs claim that Mr. Fugate was exposed to asbestos-containing products "distributed by Higbee in the States of Pennsylvania, New York, [sic] Michigan" (D.I. 27 at 1), which supports the conclusion that Plaintiffs' cause of action arose from Higbee's alleged activities *outside* of Delaware.

jurisdiction under 10 Del. C. § 3104(c)(1). *See Registered Agents*, 880 F. Supp. 2d at 545-46. Thus, subsection (c)(1) is inapplicable.

Under the facts presented, the only plausible basis for establishing jurisdiction over Higbee is 10 Del. C. § 3104(c)(4). Plaintiffs do not assert general jurisdiction under subsection (c)(4). Nonetheless, they seek leave to conduct jurisdictional discovery to probe the extent of any Delaware contacts Higbee may have.

In order to exercise jurisdiction under subsection (c)(4), the court must find, among other things, that Higbee "regularly does or solicits business" in Delaware, or "derives substantial revenue from services, or things used or consumed" in Delaware. 10 Del. C. § 3104(c)(4).

The court finds that Higbee does not regularly conduct or solicit business in Delaware. As discussed previously, Higbee is a New York corporation that is not registered to do business in Delaware, and does not have a registered agent in Delaware for service of process. (D.I. 24, Ex. B ¶¶ 3, 7) Furthermore, Higbee does not have any offices in Delaware, have any employees in Delaware, have any independent contractors in Delaware, advertise in Delaware, solicit potential Delaware customers,[5] own or lease real estate in Delaware, hold any interest in assets or property within Delaware, or pay taxes in Delaware. (*Id.*, Ex. B ¶¶ 4-14) Therefore, Higbee does not regularly conduct or solicit business in Delaware. This conclusion is in accord with prior decisions from this court that involve substantially similar facts. *See, e.g., M&M Techs., Inc. v. Gurtler Chems., Inc.*, 2005 WL 293509, at *4 (D. Del. Feb. 8, 2005) ("[Defendant] is a North Carolina corporation, with no office or place of business in Delaware. [Defendant] has not appointed any agent for service of process in Delaware and is not registered to do business in

[5] While Higbee "does maintain an Internet website that it can use to solicit business from Delaware, the mere existence of its website does not rise to the level of regularly soliciting business in Delaware." *M&M Techs., Inc. v. Gurtler Chems., Inc.*, 2005 WL 293509, at *4 (D. Del. Feb. 8, 2005) (citing *Motorola Inc. v. PC-Tel*, 58 F. Supp. 2d 349, 352 (D. Del. 1999)).

Delaware. It has no local telephone listing, bank accounts, real estate or employees in Delaware. It has not paid any taxes or franchise fees in Delaware. It has never commenced any legal action or proceeding in the State of Delaware and has never been named as defendant in any action in Delaware, except for the current litigation. . . . [Defendant] does not regularly . . . advertise in Delaware. . . . Thus, the court concludes that [defendant] does not regularly do or solicit business in Delaware."); *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 405 (D. Del. 2002) ("[Defendant] has no employees, local telephone listing, bank accounts, or real estate in Delaware. Anything or anyone involved in [defendant's] business is located in Canada. The Court further concludes that [defendant] does not solicit business in Delaware. [Defendant] does not advertise in Delaware, nor has it ever held any accounts with customers in Delaware. Thus, the Court concludes that [defendant's] conduct does not amount to regularly doing business or soliciting business in Delaware.").

The court finds that Higbee does not derive substantial revenue from services, or things used or consumed in Delaware. The only evidence in the record discloses that Higbee earned approximately $7,591.00 from sales in Delaware during 2012, which represents 0.070% of Higbee's gross sales for that fiscal year. (*See* D.I. 24, Ex. B ¶ 15) Nevertheless, Higbee's Delaware revenue is insufficient as a matter of law to confer jurisdiction. *See M&M Techs.*, 2005 WL 293509, at *5 ("Delaware courts have broadly construed the term 'substantial revenue' to mean that two to three percent of total revenue is sufficient to confer jurisdiction. However, when a defendant's sales to customers in Delaware constitute less than one percent of total revenue, it is not substantial enough to warrant an exercise of jurisdiction." (citing *Bell Helicopter*, 295 F. Supp. 2d at 405; *United States v. Consol. Rail Corp.*, 674 F. Supp. 138, 144 (D. Del. 1987))).

In sum, Higbee has not transacted any business in Delaware, nor has it ever engaged in regular business or solicited business in Delaware. Its revenues derived from Delaware are not substantial. Therefore, the requirements for general jurisdiction under section 3104(c)(4) of the Delaware long-arm statute have not been satisfied.

The burden of establishing personal jurisdiction is on the Plaintiffs. "Once a jurisdictional defense has been raised, *the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction*." *Provident Nat'l Bank*, 819 F.2d at 437 (emphasis added) (citing *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985)). *See also Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992) ("When personal jurisdiction is challenged by a motion to dismiss, the plaintiff has the initial burden of demonstrating a basis for long-arm jurisdiction.").

Higbee attached to its opening brief in support of its Motion the Affidavit of Lawrence E. Higbee, Higbee's president. (*See* D.I. 24, Ex. B) Higbee relies upon this affidavit throughout its opening brief. (*See id.* at 2-3) Plaintiffs acknowledged at oral argument that they erroneously claimed that "Higbee has not proffered any affidavit in support of its motion to dismiss." (D.I. 27 at 2) Despite the oversight, Plaintiffs' response to Higbee's Motion is technically insufficient. "When a defendant files a motion to dismiss pursuant to [Rule] 12(b)(2), and supports that motion with affidavits, *plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion*." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474-75 (D. Del. 1995) (emphasis added) (citing *Time Share Vacation Club*, 735 F.2d at 63). Consequently, Plaintiffs have not met their burden of overcoming Higbee's jurisdictional defense.

Because Plaintiffs cannot establish a statutory basis for personal jurisdiction, the court

need not reach the constitutional due process prong of the jurisdictional analysis. *See Registered Agents*, 880 F. Supp. 2d at 547. Nonetheless, because the Delaware long-arm statute and the Due Process Clause confer the same scope of jurisdiction, asserting personal jurisdiction over Higbee would offend due process for the same reasons discussed above. *See id.* Plaintiffs fail to meet their burden with respect to Higbee's Motion to Dismiss for lack of personal jurisdiction.

**B. Jurisdictional Discovery**

Just as Plaintiffs have failed to advance sufficient facts to establish personal jurisdiction, Plaintiffs have also failed to advance sufficient factual allegations to justify jurisdictional discovery.

Generally, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us*, 318 F.3d at 456 (citation omitted). "A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma*, 623 F.3d at 157 (citing *Belden Techs.*, 626 F. Supp. 2d at 459) Thus, in order to justify jurisdictional discovery, the plaintiff must present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the defendant] and the forum state.'" *Toys "R" Us*, 318 F.3d at 456 (quoting *Farino*, 960 F.2d at 1223).

In the present case, the Plaintiffs' factual allegations are insufficient to warrant jurisdictional discovery. Plaintiffs assert the following in support of jurisdictional discovery:

> Higbee offers sales via the Internet and thus potentially has conducted business in Delaware through the sales of its products to customers there.
>
> The [sic] Higbee has not proffered any affidavit in support of its motion to dismiss. It [sic] does not aver that Higbee has never conducted business in Delaware through the purchase of products that Higbee distributed in NY, MI, and PA.

> Defendants [sic] in its Exhibit B state that Higbee is located in a 60,000 square foot building in the heart of Central New York.[6] In more recent promotional literature, Higbee proclaims that it has customers around the world, including the United State [sic] Military [sic]. It also states that it began its business in 1932 with facilities in New York.[7]

(D.I. 27 at 2) Even taking a broad view of all of Plaintiffs' allegations, Plaintiffs fail to assert, with reasonable particularity, facts showing that Higbee might be subject to personal jurisdiction under Delaware's long-arm statute. Plaintiffs' supposition that Higbee's Delaware accessible website is enough to permit further inquiry relating to whether Higbee maintains continuous and systematic contacts with Delaware lacks any legal basis to justify granting discovery, however limited.[8] Plaintiffs' allegations fall more appropriately in the category of "clearly frivolous." *See Mass. Sch. of Law at Andover*, 107 F.3d at 1042 (explaining that "a mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous'" (citations omitted)).

"To grant [Plaintiffs'] request for leave to conduct jurisdictional discovery under such circumstances would be to allow [Plaintiffs] to 'undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.'" *Registered Agents*, 880 F. Supp. 2d at 548 (quoting *Eurofins Pharma US Holdings*, 623 F.3d at 157). "[T]here must be *some* competent evidence to demonstrate that personal jurisdiction over the defendant might exist

---

[6] Plaintiffs cite Higbee's Exhibit B in error, as none of the exhibits submitted by Higbee include this information. (*See* D.I. 24, Exs. A, B) The proposition is actually found in Plaintiffs' own submission. (*See* D.I. 27, Ex. 1)

[7] These assertions represent the entirety of Plaintiffs' factual allegations in support of jurisdictional discovery.

[8] *See Hansen*, 163 F.R.D. at 475 ("'No affidavits have been supplied to this court by plaintiff, and the memoranda which have been filed in response to defendants' motion contain speculation, but no facts by which jurisdiction can be established . . . . Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied.'" (alteration in original) (quoting *Poe v. Babcock Int'l, PLC*, 662 F. Supp. 4, 7 (M.D. Pa. 1985))).

before allowing discovery to proceed. . . . [A] court cannot permit discovery as a matter of course simply because a plaintiff has named a particular party as a defendant." *Hansen*, 163 F.R.D. at 475. Therefore, the court should not allow the jurisdictional discovery Plaintiffs seek.

**V. CONCLUSION**

For the foregoing reasons, I recommend that the court grant Higbee's Motion to Dismiss for lack of personal jurisdiction, and deny the Plaintiffs' request for leave to conduct jurisdictional discovery.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. Appx. 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order in Non-Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: June 20, 2013

Sherry R. Fallon
United States Magistrate Judge